995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George C. SZEGO, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, United States of America,
Defendant-Appellee.
 No. 91-2153.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 10, 1993.
Decided: June 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-89-2186-JFM)
 George C. Szego, Appellant Pro Se.
 Gary R. Allen, Charles Edward Brookhart, Patricia McDonald Bowman, United States Department of Justice, Washington, D.C., for Appellee.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 George C. Szego appeals from the district court's order granting summary judgment to the Commissioner of Internal Revenue (Commissioner) on his claim for refund of the 100% penalty assessed against him pursuant to 26 U.S.C. § 6672 (1988).
 
 
 2
 Szego was president, chairman of the board, and majority stockholder of Inter-Technology Solar Corporation (ITC/Solar) from the time the company was founded in 1968 until its demise in 1988. Jacob Paster was executive vice president and chief operating officer and John Smircina was Controller. ITC/Solar began to experience financial difficulties in mid-1979 and, as a result, failed to pay over taxes which it had withheld from employees' paychecks for six quarters beginning with the quarter ending on June 30, 1979 and ending with the quarter ending on September 30, 1980.* Szego claims that he first became aware of the company's financial problems when he returned from a trip to Europe in October 1979 at which time he (1) fired Smircina for allegedly falsifying corporate financial records and (2) stopped payment on a check for $16,642 made payable to the Internal Revenue Service because he realized there were insufficient funds to cover it. In February 1982, the Commissioner notified Szego that he would be assessed the 100% penalty for the unpaid taxes. See 26 U.S.C. § 6672. After Szego made his final payment in 1987, he instituted this suit seeking a refund. He appeals from the district court's order granting summary judgment to the Commissioner.
 
 
 3
 The district court's award of summary judgment to the Commissioner is proper if, after a review of the pleadings, depositions, interrogatories, and affidavits, this Court is satisfied that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984). When a party moves for summary judgment, the adverse party may not rest upon mere allegations or denials in his pleadings, but must set forth specific facts by affidavits or other means which show there is a genuine issue for trial. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Although Szego bears the burden at trial of rebutting the propriety of the assessment, the Commissioner must still prove the absence of a genuine issue of material fact to obtain summary judgment. United States v. Pomponio, 635 F.2d 293 (4th Cir. 1980).
 
 
 4
 The issue in this appeal is whether there is sufficient evidence to sustain the district court's finding that Szego was a "responsible person" within the meaning of § 6672 during the period at issue. Two requirements must be met in order to hold a person liable for the penalty imposed by 26 U.S.C. § 6672:(1) the party must be a person required to collect, truthfully account for, and pay over the tax (a "responsible person"); and (2) the responsible person must have willfully failed to insure that the withholding taxes were paid. 26 U.S.C. § 6672; O'Connor v. United States, 956 F.2d 48 (4th Cir. 1992).
 
 
 5
 The district court found that Szego was a responsible person, relying upon the Commissioner's answers to Szego's interrogatories. Although we find that the district court erred in this respect, Szego admitted facts sufficient to establish that he was a responsible person for four of the six quarters at issue. Answers to interrogatories must meet the same requirements as affidavits-they must be "made on personal knowledge." Fed. R. Civ. P. 56(e); Garside v. Osco Drug, Inc., 895 F.2d 46 (1st Cir. 1990). On a motion for summary judgment, answers to interrogatories "should be accorded no probative force where they are not based upon personal knowledge." Id. at 49-50. The Commissioner's answers to Szego's interrogatories were filed by the Commissioner's attorney, Gregory Hrebiniak, and were not based upon his personal knowledge. In addition, none of the supporting documentation referred to in his answers was included in the record. Therefore, disregarding the Commissioner's evidence, the question is whether there is sufficient independent evidence to support a finding that Szego was a responsible person.
 
 
 6
 Szego filed an affidavit in response to the Commissioner's motion in which he admits his role as president, member of the board of directors, chairman of the board of directors, and a stockholder of ITC/Solar. Szego stated that when he returned from a trip to Europe in October 1979, he fired Smircina after learning that "Smircina had been falsifying the corporation's financial data." He then stopped payment on the check to the IRS. From this point forward, Szego was in control of the corporation's finances and also realized that there was an outstanding tax liability. Therefore, we affirm the district court's award of summary judgment to the Commissioner on the last four quarters at issue. However, we vacate and remand for further proceedings that portion of the order that finds Szego was a responsible person for the first two quarters at issue because the evidence in the record does not sufficiently establish that Szego was a responsible person, as defined in § 6672, to support the district court's order. See O'Connor, 956 F.2d at 51.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 The total of these unpaid taxes amounted to $139,750.80