### In re PROACTIVE TECHNOLOGIES, INC., Debtor.

No. 95-02709-R.

United States Bankruptcy Court, N.D. Oklahoma.

June 30, 1997.

William W. O'Connor, Christine D. Little, Tulsa, OK, for Debtor.

Laurence K. Williams, Washington, DC, for Respondent.

### *ORDER DENYING MOTION OF JOEL C. HOLT FOR DETERMINATION OF IRS OBLIGATION AND STAY OF ANY IRS LEVY AND GRANTING MOTION TO DISMISS*

DANA L. RASURE, Chief Judge.

On April 7, 1997, the Motion and Supporting Brief of Proactive Technologies, Inc. and Joel C. Holt for Determination of IRS Obligation, Stay of Any IRS Levy, and Request for Hearing (the "Motion") came on for hearing. Debtor, Proactive Technologies, Inc. ("ProTech"), and Joel C. Holt ("Holt") filed the Motion on January 24, 1997. William W. O'Connor and Christine D. Little appeared on behalf of ProTech and Holt. Timothy T. Trump appeared on behalf of Proactive Solutions, Inc. ("Solutions"). Laurence K. Williams appeared on behalf of the United States of America *ex rel.* Internal Revenue Service (the "Service").

In the Motion, ProTech and Holt requested that the Court determine certain tax liabilities, if any, and enjoin collection of the tax liabilities. At the hearing, the parties advised the Court that the issues between ProTech and the Service raised in the Motion had been settled. On April 21, 1997, an Order reflecting the agreement between ProTech and the Service was entered herein. At the conclusion of the hearing, the Court took under advisement the remaining issues between Holt and the Service raised in the Motion. Upon consideration of the pleadings filed herein, the arguments of counsel, and the briefs submitted, the Court, pursuant to Federal Rule of Bankruptcy Procedure 7052, finds as follows:

## STATEMENT OF FACTS

On June 10, 1994, ProTech acquired Solutions, a software development company[1] (the "Acquisition"). As part of the Acquisition, a new ProTech board of directors was created. The newly-created ProTech board was to include two directors named by ProTech, two directors named by Solutions, and a fifth director to be agreed upon by the directors selected by ProTech and Solutions. Solutions selected its two directors, William S. Davis and Donald H. Mitchell, to be members of the ProTech board. ProTech selected Holt and Tom Manning to be members of the ProTech board. A fifth director was never selected to complete the board.

Disputes regarding management and expenditure of funds arose between the ProTech directors named by Solutions and the directors named by ProTech. In March 1995, Tom Manning resigned from the ProTech board. On September 1, 1995, the remaining ProTech directors filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code on Behalf of ProTech, Solutions, and Keystone Laboratories, Inc., another ProTech subsidiary.

Subsequently, the disputes regarding management and the expenditure of funds were resolved and the ProTech directors entered into a settlement agreement (the "Settlement Agreement"). Pursuant to the Settlement Agreement, a small group of investors and employees became the owners of Solutions, and ProTech retained only a limited royalty interest in Solutions. The Settlement Agreement provided that Solutions would be responsible for its own debt and would hold ProTech harmless on such debts, including the $29,366.38 employment tax obligation which is the subject of the dispute between Holt and the Service.

On December 30, 1996, the Service sent a reminder to ProTech advising ProTech that it owed a Miscellaneous Penalty in the amount of $22,552.91 for 941 taxes accrued during the third quarter of 1995. As stated above, an Order reflecting that ProTech and the Service have settled this issue was entered herein on April 3, 1997. On January 13, 1997, the Service issued a Final Notice to Holt indicating that the Service intended to levy against Holt's assets to collect $22,-708.91 (including a prior balance of $22,-552.91 and interest of $156.00) for the tax period ending September 30, 1995. The Service asserts that Holt incurred tax liabilities pursuant to 26 U.S.C. § 6672 in the amount of $22,552.91 as a result of the failure of Solutions to remit 941 employee withholding taxes for the tax period ending September 30, 1995.

Holt asserts in the Motion that this Court has subject matter jurisdiction to determine the obligations of Holt with respect to Solutions' failure to pay 941 taxes. On April 15, 1997, the Service filed United States' Motion to Dismiss Motion of Joel C. Holt for Determination of IRS Obligation, Stay of Any Levy, and Request for Hearing (the "Motion to Dismiss") and United States' Brief in Support of Its Motion to Dismiss Motion of Joel C. Holt for Determination of IRS Obligation, Stay of Any Levy, and Request for Hearing. In the Motion to Dismiss, the Service asserts that this Court lacks subject matter jurisdiction of the issues raised in the Motion.

## CONCLUSIONS OF LAW

The threshold issue is whether this Court has subject matter jurisdiction to (1) determine the tax liability of Holt, a non-debtor, pursuant to 26 U.S.C. § 6672 and (2) stay the collection of tax liability, if any, by the Service. Section 1334 of Title 28 of the United States Code grants the district courts jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157 of Title 28 of the United States Code provides that "all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). *See Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556, 1564 (10th Cir.1993). Inasmuch as neither Holt nor the Service is a debtor before this Court, the issues raised herein are not issues "arising under" or "arising in" title 11. Accordingly, the appropriate inquiry to determine if subject matter jurisdiction exists in this Court is whether the issues

1. Proactive Solutions, Inc. is the developer of a software program known as "SmartProject."

raised in the Motion are "related to" a case under title 11.

■ The Service, a non-debtor, asserts that Holt, also a non-debtor, incurred liability as a responsible person pursuant to 26 U.S.C. § 6672 for failure to remit withholding taxes on behalf of Solutions, a Chapter 11 debtor. Section 6672(a) provides in part as follows:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). Section 6672(a) imposes liability on a person who (1) is responsible for paying the taxes, and (2) willfully fails to pay the taxes. Section 6672 imposes a one hundred percent penalty on persons responsible who fail to pay the tax. A "responsible person's" liability under Section 6672, if any, is "entirely separate and distinct" from the corporate entity's liability for failure to pay 941 taxes, even though the liability arises from failure to pay the same withholding taxes. *See Quattrone Accountants, Inc. v. Internal Revenue Service*, 895 F.2d 921, 926 (3d Cir.1990). Similarly, Holt's liability as a responsible person, if any, is "entirely separate and distinct" from Solutions' liability to the Service, even though the liability arises from failure to pay the same withholding taxes. Accordingly, the dispute between Holt and the Service is not "related to" the bankruptcy case and this Court does not have subject matter jurisdiction to determine Holt's liability.

■ Holt cites Section 505(a)(1) of the Bankruptcy Code in support of his contention that the bankruptcy court has subject matter jurisdiction to determine his liability, if any, under 26 U.S.C. § 6672. Section 505(a)(1) provides as follows:

> [T]he court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1). The legislative history of Section 505 reveals that Congress enacted Section 505 to clarify the bankruptcy court's jurisdiction with respect to tax matters. Section 505 is not applicable to the issue before this Court. Rather, "Section 505 contemplates the normal situation where a tax liability issue in bankruptcy arises with respect to a debtor." *See Quattrone Accountants, Inc. v. Internal Revenue Service*, 895 F.2d at 925. Thus, Section 505 does not grant jurisdiction to the bankruptcy court to determine tax liability of non-debtors.

■ In the Motion, Holt also requests that the Court issue a "stay of any IRS Levy." The Bankruptcy Court is prohibited by the Anti–Injunction Act from enjoining the Service from collecting the penalty from Holt. The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The language of the Anti–Injunction Act is "specific and unequivocal." *See American Bicycle Association v. United States ex rel. Internal Revenue Service (In re American Bicycle Association)*, 895 F.2d 1277, 1280 (9th Cir.1990).

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction of the issue of Holt's tax liability pursuant to 26 U.S.C. § 6672, that Section 505 of the Bankruptcy Code does not grant the bankruptcy court subject matter jurisdiction, and that the Anti–Injunction Act precludes the bankruptcy court from enjoining the Service from collecting the tax. Accordingly, Holt's Motion for Determination of IRS Obligation and Stay of Any IRS Levy is **DENIED** and the United States' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**