**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIM CORNS,
<u>Plaintiff-Appellant,</u>

v.

UNITED STATES OF AMERICA,
Commissioner of Internal Revenue,

No. 97-2188

<u>Defendant-Third Party Plaintiff-
Appellee,</u>

v.

JACK MCDANIELS, JR.,
<u>Third Party Defendant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Dennis Raymond Knapp, Senior District Judge.
(CA-96-568-2)

Argued: January 28, 1998

Decided: March 16, 1998

Before WILKINSON, Chief Judge, and ERVIN and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Charles Edward Hurt, Charleston, West Virginia, for
Appellant. Tamara Wenda Ashford, Tax Division, UNITED STATES

DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Rebecca A. Betts, United States Attorney, Bruce R. Ellisen, Michelle B. O'Connor, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Internal Revenue Service (IRS) assessed Appellant Jim Corns a penalty under 26 U.S.C. § 6672 for being a "responsible person" who willfully failed to pay employment withholding taxes. Corns sued the United States and the Commissioner of the IRS to void the § 6672 assessment and to recover personal income tax refunds that the IRS applied as payments to that assessment. The United States counterclaimed for the unpaid balance of the assessment.

Corns appeals the district court's grant of summary judgment in favor of the United States, and the entry of judgment against him in the amount of $191,484.09. Corns argues that there were still disputed issues of material fact about (1) whether he was a "responsible person" who willfully failed to pay withheld employment taxes, and (2) the correct amount of the outstanding assessment. We affirm.

I

In 1985, Jim Corns, Jack McDaniels and Tracy Grimmett formed a business called Beech Branch Mining Company (Beech Branch). Beech Branch mined coal in Man, West Virginia, and sold the coal on an output-contract basis to Benafuels, Inc. (Benafuels). Corns, McDaniels and Grimmett each contributed $10,000 to Beech Branch to pay for start-up expenses and, at all times relevant to this case,

2

served as officers and directors of the company. Corns served as secretary of Beech Branch from July 1986 to February 1987; as vice president from February to December 1987; and as president from December 1987 to January 1988, when he resigned from Beech Branch.

Corns and the other officers had no "assigned" duties. Instead, they performed all tasks associated with the management and operation of the corporation, including paying bills, signing checks, hiring miners and purchasing supplies. The officers hired an accountant who kept Beech Branch's books and prepared paychecks. On payday, the accountant would deliver the paychecks to the mine office, and one of the officers would sign the checks and deliver them to the employees. The accountant also prepared the company's tax returns, which were signed by McDaniels. It is clear from the record that Corns was not only authorized to sign checks, but actually did so. In addition, he ordered and paid for supplies, and hired employees.

In mid-1986, Beech Branch began to suffer economic hardship because its coal revenues were insufficient to meet its overhead expenses. As a result, Beech Branch began to fall behind in the payment of withheld employment taxes. The company ultimately failed to pay withholding taxes for the third and fourth quarters of 1986; the first, second and fourth quarters of 1987; and the first quarter of 1988.

Corns became aware of the unpaid taxes in late 1986 or early 1987. Over the next several months, the unpaid taxes were the subject of several informal meetings between Corns and the other officers. In addition, Corns and the other officers had several phone conversations with the president of Benafuels concerning Beech Branch's tax liability. In these conversations, Beech Branch sought to increase the contract price of the coal it sold to Benafuels, but was unable to do so. Instead, Benafuels' president suggested that Beech Branch delay the payment of withholding taxes until revenues improved.

Although Corns was aware that Beech Branch was not paying withholding taxes, Corns continued to purchase supplies and pay employees and other creditors. The record shows that, after December 1986, Corns signed more than 240 payroll checks, and signed more than 290 checks payable to creditors other than the IRS.

3

In 1989, the IRS determined that Corns was a person responsible for the failure of paying withholding taxes, and assessed him a penalty under § 6672 equal to the amount of the tax owed.**1** The amount of the penalty was assessed at $99,734. The IRS subsequently credited Corns with overpayments reported on his individual federal income tax returns for the years 1990 through 1994.

In November 1995, Corns filed an administrative claim for a refund of the amounts credited to his § 6672 liability. When that administrative action was unsuccessful, Corns filed the present action on June 12, 1996. He sought to void the § 6672 assessment and recover the amount credited to that assessment. The United States counterclaimed for the balance of the assessment, plus interest and costs.

After discovery, the United States filed a motion for summary judgment, which the district court granted. Relying on our decision in O'Connor v. United States, 956 F.2d 48 (4th Cir. 1992), the district court held that the facts of the case demonstrated that Corns was a "responsible person" within the meaning of§ 6672 who willfully failed to pay the required taxes. The district court entered judgment in the full amount claimed by the United States as the outstanding amount of the assessment.**2** On appeal, Corns argues that the grant of summary judgment was inappropriate because there were genuine issues of material fact regarding (1) whether he was a "responsible

_____

**1** Section 6672 provides, in relevant part, that:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

**2** The IRS had also assessed a separate penalty on McDaniels. When Corns filed this suit, the United States filed a third-party complaint against McDaniels. The district court's entry of judgment was against both Corns and McDaniels. However, only Corns has appealed.

4

person" who willfully failed to pay withheld employment taxes, and (2) the amount still due under his § 6672 assessment.

II

Our review of the record, the opinion of the district court and the arguments of counsel has revealed that this appeal is without merit. Accordingly, we affirm the judgment of the district court for the reasons stated by that court in its opinion.**3**  See Corns v. United States, CA-96-0568 (S.D. W. Va. Aug. 13, 1997).

AFFIRMED

_____

**3** We note also that Corns has directed us to no evidence in the record, and we could find none, that would support his contention there were disputed issues of material fact regarding the amount for which the IRS counterclaimed. Consequently, we also affirm the amount of the judgment entered by the district court.

5