**In re Letosha WHITE, Debtor.**

**DDC and Associates and Deborah Watson, Plaintiffs,**

**v.**

**Letosha White, Defendant.**

**Bankruptcy No. 08–23553 JPK.
Adversary No. 09–2087.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Aug. 16, 2011.

Kenneth A. Manning, Esq., Dyer, IN, for the Plaintiffs DDC and Associates and Deborah Watson.

Adam D. Decker, Esq., Crown Point, IN, for the Defendant Letosha White.

### MEMORANDUM OF DECISION ON PLAINTIFFS' COMPLAINT

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

In this case of apparent first impression, the plaintiffs ("DDC" and "Watson") assert that a debt allegedly owed by the defendant ("White") is excepted from discharge pursuant to 11 U.S.C. § 523(a)(14) and 11 U.S.C. § 523(a)(14A). The alleged debt arises from payment by DDC and Watson of federal employment tax obligations owed by a corporate entity in which White was previously involved. There is no question that DDC paid employment taxes to the Internal Revenue Service and to the State of Illinois with respect to "payroll" taxes of New Era of Educational Development, Inc., a corporate entity in which White was closely involved in the transaction of its business.[1] However, the employment taxes which were paid were those of the corporate entity: neither the Internal Revenue Service nor the Illinois Department of Revenue has asserted any tax liability against White as a person who might ultimately be determined to be responsible to those tax authorities for a

---

1. Any payment made individually by Watson is far from clear. Due to the court's determination, it is unnecessary for the court to determine whether any debt was owed in any manner to Watson individually.

certain portion of those taxes under concepts of law which provide for the personal liability of "responsible persons" for the payment of withheld taxes to a taxing authority in relation to an entity over which they could assert control as to persons to be paid by that entity.

The issues presented are two:

1. Whether White "incurred" a debt to DDC and Watson "to pay a tax" within the provisions of 11 U.S.C. § 523(a)(14) and/or 11 U.S.C. § 523(a)(14A).

2. Whether under the facts of this case, in which no personal liability has been asserted against White by either the Internal Revenue Service or the Illinois Department of Revenue for derivative personal liability with respect to corporate employment taxes, the payment of the corporate employment taxes constituted the payment of a "tax" within the provisions of 11 U.S.C. § 523(a)(14) and/or 11 U.S.C. § 523(a)(14A) in relation to White.

The court has jurisdiction to enter final judgment in this adversary proceeding pursuant to 28 U.S.C. § 1334(a) and (b); 28 U.S.C. § 157(a) and N.D.Ind.LR. 200.1(a)(1) and (2). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

An evidentiary hearing was held on February 9, 2011, to establish a factual record with respect to facts to which the parties could not stipulate. For the purposes of establishing the record, the court assumes the following facts are true: [2]

1) Debtor Letosha White was an officer of New ERA of Educational Development, Inc. Under relevant IRS tax statutes she (White) was a "responsible party" pursuant to 26 U.S.C. § 6672.

2) DDC and Associates and Deborah Watson (as Accountant) and New ERA of Educational Development, Inc. and Letosha White (as client) entered into an Account Services Agreement, dated January 2, 2007.

3) As part of the Agreement, "client" provided to "Accountant" state and federal "payroll" tax returns for filing. Letosha White would sign the returns; deliver them to "Accountant".

4) Upon receiving the payroll tax returns, "Accountant" would appropriately file the payroll tax returns, and make payment of the designated payroll tax liability.

5) The payment of the designated state (Illinois) and federal (IRS) payroll tax liability would be funds advanced by "Accountant" on the "client's" behalf.

6) Upon payment of the "payroll" taxes, "client" was obligated to pay and reimburse "Accountant".

7) At the commencement of the case, the sum of Twenty Four Thousand Seven Hundred Eight Six Dollars and Fourteen Cents ($24,786.14) remain unreimbursed, and unpaid, to "Accountant".

8) At the commencement of the case, neither IRS, or State of Illinois, have made a 100% penalty assessment against, or upon, Letosha White, or any "responsible" party.

The principal focus of the evidentiary hearing was the identity of the contract or contracts under which the plaintiffs assert White's debt to them arises. Two different asserted contracts were submitted into evidence (Exhibits 1 and 1A), both of which are entitled "ACCOUNTING SERVICES AGREEMENT". The contracts are identical in all respects, including the

---

**2.** *See,* "Factual Stipulation" in Plaintiff's Legal Memorandum filed on October 29, 2010

(record # 21).

signatures and dates in the documents, including the dates of signature, with certain exceptions:

(a) The first paragraph in Exhibit 1 is the following:

This Accounting Services Agreement (the "Agreement") is dated as of January 2, 2007, by and between DDC AND ASSOCIATES, Deborah Watson ("Accountant") and NEW ERA OF EDUCATIONAL DEVELOPMENT INC. Letosha White ("Client") (collectively the "Parties").

(b) The first paragraph in Exhibit 1A states the following:

This Accounting Services Agreement (the "Agreement") is dated as of January 2, 2007, by and between DDC AND ASSOCIATES ("Accountant") and NEW ERA OF EDUCATIONAL DEVELOPMENT INC. ("Client") (collectively the "Parties").

The difference between the foregoing initial paragraphs of each of the documents is that two names—"Deborah Watson" and "Letosha White"—appear in Exhibit 1 but do not appear in Exhibit 1A.[3]

(c) The type font and spacing format of the two documents appear to be different: When the documents are lined up side by side, they do not correlate line by line or paragraph by paragraph.

White does not dispute that she signed Exhibit 1A as president of New Era of Educational Development, Inc., but she does dispute that she signed Exhibit 1. DDC and Watson assert that White signed both of the documents, and that the insertion of White's name in Exhibit 1 was intended to exemplify that services performed for the corporate entity were also in part derivatively performed for White's benefit as a principal of the corporation.

As the plaintiffs' counsel noted in a colloquy with the court at the February 9, 2011 hearing, DDC's and Watson's contention that White "incurred" a debt within the meaning of 11 U.S.C. § 523(a)(14) and/or 11 U.S.C. § 523(a)(14A) is enhanced by Exhibit 1, and is diminished by Exhibit 1A. The court declines to embark upon a "she said/she said" exercise with respect to the origin of the two exhibits. The critical provision in both of them is in paragraph 4, which states:

4. OTHER EXPENSES/ACCOMMODATIONS:

Client shall reimburse Accountant for the following expenses only:

• Reimbursable charges may apply upon the mutual agreement of both parties.

Reimbursable charges may include but is not limited to:

(a) Bill paying expenses paid on the Clients behalf.

(b) U.S. Corporation Income Tax Return payments paid on the Clients behalf.

Client shall provide only the following accommodations for Accountant in connection with the provision of the Services:

• Client shall provide all necessary documentation in a timely fashion in connection with the provision of the Services.

There is no evidence in the record that "Reimbursable charges" as stated in the foregoing section were expanded upon by an extraneous agreement of the parties. Thus, the parties' agreement was for the advancement of "U.S. Corporation Income

---

**3.** As stated, the signature portions on page 3 of each document are identical. In fact, the signature provisions appear to be remarkably identical. Without the benefit of handwriting analysis, the casual eye would perceive them to be exact duplicates of each other.

Tax Return payments paid on the Clients (sic) behalf". Whether or not White in fact executed Exhibit 1 does not change the fact that the expenses to be advanced under both of the contracts were solely corporate employment taxes of New Era of Educational Development, Inc.

■ The plaintiffs' contentions rise or fall upon whether payment of corporate employment taxes *ipso facto* constitutes payment of a "tax" with respect to an individual involved in the corporation who—because of his/her relationship to payment decisions of the corporate entity—may be deemed to be personally liable for "fiduciary" employment taxes owed by the corporation to a taxing authority. Obviously, full payment of a corporate employer entity's federal or state "fiduciary" employment tax liabilities precludes any assertion of liability upon an individual. Just as obviously, encompassed within the fiduciary employment tax liabilities of a corporate entity is the potential for the assertion of personal liability by the taxing authority against an individual asserted to be in control of the payment mechanism for corporate liabilities. The plaintiffs' contention is essentially that by payment of corporate employment tax liabilities, White's potential personal liability under 26 U.S.C. § 6672 with respect to those tax liabilities was also satisfied. Thus, the plaintiffs argue, a "tax" that would be nondischargeable with respect to White pursuant to 11 U.S.C. § 523(a)(1)(A)/11 U.S.C. § 507(a)(8)(C) was paid by the plaintiffs.

11 U.S.C. § 523(a)(14) and (14A) state:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(14) incurred to pay a tax to the United States that would be nondischargeable pursuant to paragraph (1);

(14A) incurred to pay a tax to a governmental unit, other than the United States, that would be nondischargeable under paragraph (1);

The purpose of the enactment of the foregoing sections was primarily to provide for the fact that an increasing number of taxing authorities, including the Internal Revenue Service, accepted credit cards as a mechanism for payment of tax liabilities, including employment tax liabilities. Credit card issuers, being the ever-vigilant creditors that they are, essentially managed to righteously convince Congress that if their credit paid tax excepted from discharge, they should essentially be subrogated to the taxing authority's exception from discharge provided for if the tax had not been paid. There is actually a great deal of logic to this assertion, and even if there weren't, it's the law. In the context of the present case, there is no question that—putting aside the fact that a corporate entity does not obtain a discharge in a Chapter 7 case—if the debtor in this Chapter 7 case was New Era of Educational Development, Inc., DDC and Watson would have a smooth skate to the finish line of their requested relief. But the debtor in this case is an individual, and in order to achieve their goal of exception to discharge of White with respect to the tax payments which were made, DDC and Watson must establish that they paid a "tax" of White which would have been excepted from discharge. They have not done so.

■ The general concept of the interplay between corporate employment tax liabilities and 26 U.S.C. § 6672 liability was stated in *In re Sheppard*, 253 B.R. 397, 402–403 (Bankr.D.S.C.2000):

Sections 3102(a) and 3402(a) of the Internal Revenue Code (26 U.S.C.) require an employer to withhold federal income taxes and the employees' share of social

security taxes from the wages paid to its employees. The taxes withheld from each employee's wages constitute a special fund held in trust under Section 7501 of the Code for the exclusive use of the United States. These "trust funds" shall not be used to pay the employer's expenses, including salaries, or for any other purpose. The withholding tax liability arises as soon as wages are paid, not when the quarter's tax return is due. *Begier v. I.R.S.*, 496 U.S. 53, 61, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

Section 6672 of the Internal Revenue Code imposes liability for a company's unpaid "trust fund" taxes upon any person "required to collect, truthfully account for, and pay over any tax ..." who willfully fails to do so. Section 6672, the "Trust Fund Recovery Penalty" provision, is a collection device designed to ensure that the unpaid trust fund taxes are paid, if not by the defaulting corporate employer, then by those persons responsible for the default. *Smith v. United States*, 894 F.2d 1549, 1553 (11th Cir.1990). It is a liability separate and distinct from that of the delinquent corporation. *Plett v. United States*, 185 F.3d 216, 218 (4th Cir.1999). Personal liability under Section 6672 properly is imposed upon the person or persons who were: "(1) responsible for collecting, accounting for, and remitting payroll taxes, and (2) who willfully failed to do so." *Plett*, 185 F.3d at 218; 26 U.S.C. § 6672; see *O'Connor v. United States*, 956 F.2d 48, 50 (4th Cir.1992), *Malloy v. United States*, 17 F.3d 329, 331 (11th Cir.1994); *Williams v. United States*, 931 F.2d 805, 810, *reh'g granted and opinion supplemented*, 939 F.2d 915 (11th Cir.1991); *Smith*, 894 F.2d at 1553; *Thibodeau v. United States*, 828 F.2d 1499, 1504 (11th Cir.1987); *Roth v. United States*, 779 F.2d 1567, 1571–72 (11th Cir.1986); *Howard v. United States*, 711 F.2d 729, 734–35 (5th Cir. 1983). The person required to collect, account for, and remit payroll taxes is generally referred to as a "responsible person." *Plett*, 185 F.3d at 219. However, a company may have multiple responsible persons for purposes of Section 6672. *Id.; O'Connor*, 956 F.2d at 50.

In a Section 6672 case the Government first should submit evidence of a tax liability and assessment. Tax assessments are presumptively correct, *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933), and Certificates of Assessments and Payments evidencing a tax assessment and liability are presumed correct and establish a prima facie case of liability. *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980); *United States v. Chila*, 871 F.2d 1015, 1017–18 (11th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989).

As stated in *In re Wiley*, 238 B.R. 895, 902 (Bankr.N.D.Fla.1999):

> Section 6672 imposes liability upon (1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes. *Williams v. United States*, 931 F.2d 805, 809 (11th Cir.1991); *Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir.1987). A § 6672 assessment against a responsible person is equivalent to the assessment of a tax. 26 U.S.C. § 6671(a) (1999); *see In re Ribs–R–Us, Inc.*, 828 F.2d 199, 200 (3d Cir.1987).

An individual's liability for a corporate employment tax is an entirely separate and distinct tax liability from the corporate tax liability, as stated in *In re Proactive Technologies, Inc.*, 215 B.R. 796, 799 (Bankr.N.D.Oklahoma 1997):

Section 6672(a) imposes liability on a person who (1) is responsible for paying the taxes, and (2) willfully fails to pay the taxes. Section 6672 imposes a one hundred percent penalty on persons responsible who fail to pay the tax. A "responsible person's" liability under Section 6672, if any, is "entirely separate and distinct" from the corporate entity's liability for failure to pay 941 taxes, even though the liability arises from failure to pay the same withholding taxes. *See Quattrone Accountants, Inc. v. Internal Revenue Service,* 895 F.2d 921, 926 (3d Cir.1990). Similarly, Holt's liability as a responsible person, if any, is "entirely separate and distinct" from Solutions' liability to the Service, even though the liability arises from failure to pay the same withholding taxes.

Even though a corporate employment tax liability has not been paid, there is "many a drip between the cup and the lip" before liability can be asserted against an individual under 26 U.S.C. § 6672, the primary conditions being that the taxing authority has made an initial determination of some kind that an individual may be liable for corporate employment taxes. Under 26 U.S.C. § 6672, the preliminary conditions, established by the Internal Revenue Service in the form of a proposed assessment under that statute, are the following, as stated in *Horovitz v. United States,* 543 F.Supp.2d 441, 446 (W.D.Penn.2008):

> There are two conditions before liability can be imposed under section 6672: (1) the individual must be a "responsible person," and (2) his or her failure to pay the tax must be "willful." *See generally Greenberg* at 242–43. There is binding precedent on each point (footnote omitted)

██ The parties have stipulated, and the record conclusively establishes, that no independent individual tax liability has been asserted by either the Internal Revenue Service or by the Illinois Department of Revenue against White with respect to corporate employment taxes of New Era of Educational Development, Inc. At the inception of White's Chapter 7 case, there was in fact no possible assertion of liability against her under 26 U.S.C. § 6672 or comparable provisions of Illinois law with respect to a tax excepted from discharge under 11 U.S.C. § 507(a)(8)(C), and thus she was not liable for any tax under that section on the date of the filing of her bankruptcy petition—because the corporate employment taxes had been paid in full. As stated in *Newsome v. United States,* 431 F.2d 742, 746 (5th Cir.1970), *rehrng and rehrng en banc denied September 10, 1970:*

> Since a corporation can act only through its agents—its officers and those designated by the officers—a corporate officer or agent has a duty to see that withheld funds are properly collected from the employees, are maintained during the quarter, and are paid over to the government at the end of the quarter. This duty, for purposes of section 6672 liability, is a continuing one which arises when the federal income and social security taxes are withheld from employees' wages *and ends when such funds are paid over to the United States.* (footnote omitted; emphasis added)

The foregoing principle was stated in *Bolding v. United States,* 565 f.2d 663, 669 (Ct.Cl. 1977), as follows:

> If the withheld tax cannot be collected from the employer corporation it may be collected in the form of a 100–percent penalty from the officers responsible for the failure to pay it over. I.R.C. s. 6672.[FN3]

FN3. The nature of the penalty as primarily a collection device is confirmed by IRS Policy Statement P–5–60, approved November 5,

1956 (IR Manual MT 1218–56, dated February 25, 1976, reproduced in 8 CCH 1977 Stand.Fed.Tax Rep. 5569), which provides that the penalty may be collected from the officer *only if the tax cannot be collected from the corporation itself.* And see also *McCarty v. United States,* 437 F.2d 961, 971, 975, 194 Ct.Cl. 42, 61–62, 68 (1971) ... (emphasis supplied).

The fact that her "immunity" from fiduciary tax liability as an individual was precluded by payment of corporate employment tax liabilities to the Internal Revenue Service and the Illinois Department of Revenue does not establish an exception to discharge, but rather establishes that White was not subject to a tax liability "that would be nondischargeable under paragraph (1) [of 11 U.S.C. § 523(a) ]", and in and of itself precludes the plaintiffs' entitlement to the relief which they request. Moreover, whether one were to determine that White signed both Exhibits 1 and 1A, the only "debt incurred" under those contracts was for the payment of a corporate employment tax, and thus there is no contract between White and the plaintiffs for the payment of any liability under 26 U.S.C. § 6672, even apart from consideration of the fact that that liability never arose.

The record in this case establishes that DDC or Watson[4] paid corporate employment taxes of a corporate entity in which White was involved. The most that can be said with respect to White's liability under 26 U.S.C. § 6672 and corresponding Illinois law in the same context is that she may have been contingently liable individually for corporate employment taxes of New Era of Educational Development, Inc. had those taxes not been paid. In fact, no personal liability for any employment taxes of the corporate entity has ever been asserted against her, or could have been asserted against her.

The court determines that whatever was paid by DDC or Watson with respect to corporate tax obligations of New Era of Educational Development, Inc. does not constitute a "debt incurred to pay a tax to the United States that would be nondischargeable pursuant to [11 U.S.C. § 523(a)(1) ]", or a "debt incurred to pay a tax to a governmental unit other than the United States, that would be nondischargeable under [11 U.S.C. § 523(a)(1) ]", with respect to White. The debt asserted by the plaintiffs against White in this adversary proceeding is not excepted from discharge.

IT IS ORDERED, ADJUDGED AND DECREED that any debt asserted by the plaintiffs DDC and Associates and Deborah Watson with respect to Letosha White is not excepted from discharge by 11 U.S.C. § 523(a)(14) and/or 11 U.S.C. § 523(a)(14A).

---

4. Again, the record does not establish *which* of the two plaintiffs actually paid the corporate employment tax. It is clear that only one did, presumably DDC and Associates.