OPINION. Murdock, Judge: The petitioner contends that the payments of $15,000 annually received by her from Dodge were not in discharge of a legal obligation which, because of the marital or family relationship, was imposed upon or incurred by the husband under the decree of divorce or under a written instrument incident to the divorce. See sec. 22 (k), I. R. C. She argues that they were received under the agreement of August 4, 1933, and that was not incident to the divorce. The facts show that she and Dodge entered into a new agreement just three days prior to their divorce, which agreement adopted in part the former agreement, but made new provisions for the payments here in question. The new agreement was incident to the divorce and was made a part of the decree by reference. Cf. Robert Wood Johnson, 10 T. C. 647. Section 22 (k) applies. The petitioner also makes an argument based upon a provision in the agreement that Dodge would pay any Federal taxes which might be due on moneys received by the petitioner from him. That provision is not binding upon the Commissioner of Internal Revenue and can not prevent him from determining the amount of taxes due under the Internal Revenue Code from the taxpayer. Frank R. Casey, 12 T. C. 224; John H. Humbert, 24 B. T. A. 828. Cf. Old Colony Trust Co. v. Commissioner, 279 U. S. 716; Phillips v. Commissioner, 283 U. S. 589. The petitioner in her brief attempts to raise the important question of whether the payments could be taxable income to the petitioner under the Sixteenth and Fifth Amendments to the Constitution. The Commissioner has made no reply to these arguments. However, a question of the constitutionality of a statute will not be considered by this Court where, as here, it has not been specifically pleaded. Frederick N. Dillon, 20 B. T. A. 690; Coca-Cola Bottling Co., 22 B. T. A. 686. Cf. Mary W. Pingree, 45 B. T. A. 32. The petitioner claims that she comes within the definition of “head of a family” given in section 19.25-4 of Regulations 103. It recognizes as head of a family one “who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation.” The petitioner has not proven facts to bring her within that definition. She has not shown that she actually supported the children substantially from her funds, as opposed to those furnished by Dodge for the express purpose, or that the children were “dependent individuals” within the meaning of the definition. Cf. Eleanor L. Mack, 37 B. T. A. 1101; Myrtle S. Carson, 47 B. T. A. 163. Decision will be entered for the respondent.