**In re Rizk M. HEMAYA, Nabila R. Hemaya, Debtor(s).**

**Bankruptcy No. 90–41800–7.**

United States Bankruptcy Court, D. Kansas.

Jan. 11, 1993.

Joel Pelofsky, Shugart, Thomson & Kilroy, Kansas City, MO, James P. O'Hara, Overland Park, KS, for debtors.

Charles S. Kennedy, III, Trial Atty. Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

Darcy D. Williamson, Trustee, Topeka, KS.

## ORDER GRANTING MOTION TO ABSTAIN

JAMES A. PUSATERI, Chief Judge.

This matter is before the Court on the Government's motion to abstain from determining the debtors' objection to the Government's tax claim. The Government appears by counsel Charles S. Kennedy, III.

The debtors appear by counsel Joel Pelofsky and James P. O'Hara. The Court has reviewed the relevant pleadings and is ready to rule.

The debtors received their discharge long ago. Their nonexempt assets have been sold but the proceeds were insufficient to satisfy mortgages encumbering the assets. The trustee has indicated the estate has no money to distribute to priority creditors.

The Government filed a claim for taxes allegedly owed due to forgiveness of debt income the debtors received through the surrender or foreclosure of property they owned prepetition. The debtors objected to the claim, asserting that tax law gives them an insolvency defense to the claimed taxes. They have not questioned the priority status of the claim. The debtors have been pursuing their contest of the taxes in administrative proceedings, and can appeal an adverse decision from there to United States Tax Court without paying the taxes.

The Government concedes the Court has jurisdiction under 11 U.S.C.A. § 505 to determine its tax claim, but has asked the Court to abstain from hearing this matter because it feels no bankruptcy purpose will be served by litigating the issues here since the estate has no money to pay the claim in any event. The debtors respond that they have an exempt homestead that might be subject to the Government's claim and, "Any resolution of the tax liability issue will involve the resolution of exempt property available under Kansas law and provisions of the Bankruptcy Code." The Court cannot agree with the debtors. The Bankruptcy Code contains no provisions indicating whether the Government's tax claim may be enforced against the debtors' homestead, nor can Kansas law control that question unless Congress has passed some statute allowing it to. Federal law will govern whether the Kansas homestead exemption protects the debtors from the Government. Since this dispute will have no material impact on the debtors' bankruptcy case and an alternative forum exists which is at least as capable as this Court at resolving tax questions, the Court will ab-

stain from further proceedings on the debtors' objection.

The debtors' objection to the Government's tax claim is hereby dismissed without prejudice. If the circumstances should change so that resolution of this dispute would have some impact on the bankruptcy case, the debtors may ask the Court to reinstate their objection at that time. The trustee may proceed to complete the administration of this bankruptcy estate.

IT IS SO ORDERED.