In re Glenda **PERKINS**, Debtor.

Glenda **PERKINS**, Plaintiff,

v.

**UNITED STATES of America,
et al., Defendants.**

Bankruptcy No. 96–12015.
Adversary No. 96–1104.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 10, 1997.

Roger O. Reyes, Cincinnati, OH, for Plaintiff.

Terra Serena, Sp. Asst. U.S. Atty., Cincinnati, OH, for Defendants.

### *DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT*

JEFFREY P. HOPKINS, Bankruptcy Judge.

Before the Court in this Chapter 7 adversary case to determine dischargeability of a debt under 11 U.S.C. § 523(a) are cross motions for summary judgment. In essence, the Court is being asked to decide whether nonassessed 1992 federal taxes are dischargeable in these proceedings. In addition, we must decide whether the United States is required to reimburse Debtor $1,170 for a 1993 earned income credit that had been offset by the Internal Revenue Service ("IRS") to repay a joint tax liability for the 1989 tax year.[1]

The parties agree that with respect to the dischargeability of Debtor's 1992 taxes, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District. This issue is a core proceeding which the Court is empowered to hear and determine in accordance with 28 U.S.C. § 157(b)(2)(I).

However, the IRS argues that this Court lacks subject matter jurisdiction to consider whether Debtor is entitled to a refund of her 1993 earned income credit. We address the jurisdiction issue in the later portions of this opinion.

---

1. These issues are referred to as the 1992 Tax Issue or the 1993 Earned Credit Issue.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in bankruptcy by Fed. R. Bankr.P. 7056. The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

The standards the court must use to evaluate motions for summary judgment are no different when the parties submit cross-motions. *Taft Broadcasting v. United States,* 929 F.2d 240, 248 (6th Cir.1991). Submission of cross-motions for summary judgment does not necessarily result in the court granting summary judgment to one of the parties. *Id.* The court must review the evidence for genuine issues of material fact and "evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1391 (Fed.Cir.1987)).

## PROCEDURAL HISTORY

On April 23, 1996, the Debtor filed a Chapter 7 petition seeking a discharge of unsecured debts. On May 21, 1996, Debtor filed a Complaint to Determine Dischargeability of 1989, 1990 and 1992 Tax Liabilities ("Complaint"). Debtor amended her Complaint on June 24, 1996, ("Amended Complaint") to assert that in 1994 the IRS "wrongfully took Plaintiff's refund for 1993 to apply it to a tax obligation for which she was not responsible and which was not predicated on her social security number because she did not make any income for the year 1989." Debtor requests that the IRS be ordered to return this earned income credit to her.

In its Answer to the Complaint and Amended Complaint, the IRS admits that

Debtor's taxes for the years 1989 and 1990 are dischargeable. However, the IRS has been unable to determine what Debtor's 1992 tax liability is since Debtor has yet to file a tax return for that year. In its Amended Answer, the IRS denies that Debtor is entitled to a refund of $1,170 for the 1993 earned income credit which had been applied by the IRS towards payment of the Debtor's and her ex-spouse's 1989 joint tax liability. At a pretrial conference held August 16, 1996, the parties reached a partial settlement agreeing that any remaining taxes for 1989 and 1990 are dischargeable. An order memorializing the terms of that agreement was entered October 31, 1996. Also, in the scheduling order, Debtor and the IRS agreed that Debtor would provide the IRS with an affidavit stating that her income for the 1992 tax year was below the threshold required for filing a return. Based on the submission of that affidavit the IRS agreed not to assert a claim for 1992 taxes against Debtor. Finally, the parties agreed that the sole issue left for determination was whether Debtor is entitled to a refund of her 1993 earned income credit.

After the Scheduling Order was entered, the parties were unable to agree on the language to be included in an agreed order relative to the dischargeability of Debtor's 1992 tax liability.[2] Hence, that issue is also before the Court for determination.

## FACTS

*1992 Tax Issue*

The material facts in this case are not in dispute. Debtor was separated from her ex-husband, Mr. Gregg Giacci, in late 1992. Consequently, Debtor did not sign a 1992 tax return submitted by him to the IRS. In an Affidavit attached to Plaintiff's motion for summary judgment, Debtor states that her total income for 1992 was $1,557.26. Debtor further asserts that she did not file a 1992 federal income tax return since she "was instructed on page 6 of the 1992 IRS' 1040A form and instruction booklet that she was not required to file a federal tax return if her

---

**2.** However, an agreed order was entered on October 31, 1996, discharging Debtor's individual

tax liabilities for 1989 and 1990.

income was under $7,550.00." However, Debtor takes the position that the IRS must discharge her from all potential 1992 tax liability even though no return was filed and even if additional information surfaces later indicating that a return should have been filed based on the discovery of unreported income.

The IRS counters by claiming, in essence, that Debtor's complaint and motion for summary judgment are frivolous. Based on Debtor's Affidavit testimony that her 1992 income was only $1,557.26, the IRS concedes that Debtor was not obligated to file a 1992 tax return. At that level of income the IRS also concedes that Debtor would not have any tax liability for 1992. However, the IRS states:

> This does not mean, however, that a debt could not arise if, for example, the debtor voluntarily files a 1992 income tax return at some later date which establishes a liability, or if the Internal Revenue Service discovers unreported income for this particular year and taxpayer.

Accordingly, the IRS is unwilling to accede to Debtor's demand that *any* 1992 tax liability—including that based on income she may have received during 1992 which the Service may not currently be aware of—is dischargeable.

*1993 Earned Credit Issue*

The parties' disagreement regarding the offset of joint 1989 tax liability against Debtor's 1993 earned income credit also remains at issue. Principally, Debtor seeks reimbursement from the IRS of $1,170 which she had claimed as an earned credit for the 1993 tax year. The IRS strongly contests this assertion. Debtor's reply reiterates her challenge to the legality of the IRS offset.

Debtor contends that during the years 1989 and 1990 she was a housewife and did not work or earn her own income. Debtor iterates that "[s]he just signed the joint returns submitted by her ex-husband for the

years in question." Further, the Debtor asserts that the separation agreement signed by her ex-husband requires him to repay the parties' taxes due the IRS for each of the years that they were married. Lastly, Debtor maintains that the parties' separation agreement holds her harmless from any collection activity on those debts by the IRS. Based on these assertions, Debtor argues .that she had no tax obligation for 1989 against which her 1993 earned income credit should have been offset by the IRS during 1994.

Debtor vigorously maintains that the IRS should also be bound by the terms of the separation agreement between Debtor and her ex-husband and that the actions of the IRS were unfair. Although she refers to the separation agreement numerous times, Debtor failed to produce a copy of that document for the Court's consideration. Finally, other than alluding to the inequities of the situation, Debtor fails to cite any authority for her contention that the actions taken by the IRS in collecting a portion of the 1989 taxes from her rather than pursuing Mr. Giacci directly was illegal.

It is interesting to note with respect to the 1993 Earned Credit Issue, Debtor apparently realizes her remedy in this matter is an action against her ex-husband. On June 24, 1994, Debtor filed a Motion for Relief from Judgment and for Contempt against Mr. Giacci in the Butler County, Ohio, Court of Common Pleas. In that motion, Debtor requests the state court to order Mr. Giacci to reimburse Debtor $1,170 as a result of the IRS' offset of her 1993 earned income credit. Debtor also contends that her ex-husband violated the terms of their separation agreement, which provided that she would be held harmless for any taxes incurred during their marriage. Debtor offers no information about the results from that state court action or whether the monetary relief sought has been obtained.[3]

---

**3.** The Court is troubled by the fact that Mr. Reyes, the attorney for Debtor, is apparently representing Mr. Giacci in connection with Mr. Giacci's own Chapter 7 bankruptcy case. This appears to the Court to be a conflict of interest which should greatly concern Mr. Reyes. Mr.

Reyes' arguments on behalf of Ms. Perkins that Mr. Giacci is liable for the 1989 taxes could potentially be harmful to Mr. Giacci. Further, the potential that Mr. Giacci may have to reimburse Ms. Perkins for her 1993 earned income credit that was offset by the IRS makes Ms.

The IRS admits that on or about April 15, 1994, it offset Debtor's 1993 earned income credit against the 1989 joint tax liability of Debtor and Mr. Giacci [4] but asserts that the bankruptcy court is without jurisdiction to hear this matter. In making that argument, the IRS contends that the separation agreement between Debtor and Mr. Giacci is not binding on the IRS, and that since Debtor and Mr. Giacci filed a joint tax return in 1989, both parties are jointly and severally liable for the tax obligation. Taking these issues in the order in which they have been presented, we first examine whether all Debtor's potential tax liability for 1992 is dischargeable.

## CONCLUSIONS OF LAW

*1992 Tax Issue*

■ The Court is truly mystified as to why the issue of dischargeability of Debtor's 1992 taxes is being presented for its consideration. The Bankruptcy Code clearly provides the following exceptions to discharge:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any *debt*—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and

after two years before the date of filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1) (emphasis added). Before it is necessary to make a determination whether a debt is nondischargeable under § 523(a), there must be a "debt." A "debt" is a "liability on a claim." A "claim" is a "right to payment." 11 U.S.C. § 101(5), (12). The IRS concedes that based on information presently in its possession, Debtor has no liability for 1992 taxes and the IRS has no right to payment for any 1992 taxes. Further, the IRS is not "seeking to hold the debtor liable for her ex-husband's 1992 income tax debts." Once one concludes that there is no "debt" for 1992 taxes, it becomes equally apparent that § 523 is inapplicable because there is nothing for a bankruptcy court to deem not discharged.

Debtor asserts, however, that:

Plaintiff do[es] not have any income tax liability for 1992 as Defendant claims and even if we assume [pro forma] that there is one, then that income tax liability is dischargeable by virtue of 11 U.S.C. § 507(a)(8)(A)(i)—(iii) and the limitations on these sections found in 11 U.S.C. § 523(a)(1)(A) are completely inapplicable.[5]

Because Debtor fails to take into consideration the nondischargeability provisions under § 523(a)(1)(B), this analysis is flawed. The subsections of Section 523(a)(1) must to be read in the alternative. *See In re Smith v. United States*, 114 B.R. 473, 474–75

---

Perkins a creditor of Mr. Giacci. If this is so, the parties are in direct conflict with each other. Ms. Perkins is not listed as a creditor in Mr. Giacci's schedules. This leads the Court to question whether Ms. Perkins has already received a reimbursement of her 1993 earned income credit from her ex-husband and has failed to disclose that information to the Court. In any regard, the Court believes Mr. Reyes should carefully review Disciplinary Rules 5–101, 5–105 and Ethical Considerations 5–14, 5–15 of the Ohio Code of Professional Responsibility regarding representation of clients with differing interests.

4. The offset occurred almost two years prior to Debtor filing her Chapter 7 petition.

5. Debtor cites multiple cases dealing with dischargeability of tax claims that are over three years old. Some of those cases as cited in the text are not helpful to the Debtor in that they specifically provide that the subsections of § 523(a)(1) are alternatives. None of the cases cited by Debtor grant a discharge relating to a tax claim which the IRS concedes does not, and may never, exist. See, e.g., *In re Resnick*, 52 B.R. 90 (Bankr.D.Mass.1985); *In re Smith*, 114 B.R. 473 (W.D.Ky.1989); *In re King*, 961 F.2d 1423 (9th Cir.1992); *In re Fernandez*, 130 B.R. 757 (Bankr.W.D.Mich.1991).

(W.D.Ky.1989). "[M]erely because a particular liability is not encompassed by a particular exception to discharge does not provide it a safe harbor from another exception which squarely applies." *In re Etheridge*, 91 B.R. 842, 845 (Bankr.C.D.Ill.1988).

Accordingly, even if taxes are not excepted from discharge under § 507(a)(8)(A) as incorporated into § 523(a)(1)(A), any tax debt that may later be assessed by the IRS based upon taxable income Debtor may not have reported in 1992 will be excepted from discharge pursuant to § 523(a)(1)(B)(i), because Debtor has yet to file a tax return for 1992, or pursuant to § 523(a)(1)(B)(ii), if Debtor later files a return for 1992, since it will have been done "after two years before the filing of the petition," or possibly under § 523(a)(1)(C), if the circumstances warrant a finding by a court that Debtor made a fraudulent return or willfully attempted to evade the tax.

Based on the record before us, Debtor was not required to file a 1992 federal income tax return. However, if additional information of unreported taxable income for 1992 surfaces the IRS will have every right to assess and collect those taxes from Debtor since the tax will be excepted from discharge pursuant to § 523(a)(1)(B) and § 727(b). So long as the statute of limitations has not run, collection of those taxes by the IRS cannot be enjoined based on the arguments proffered by Debtor. *See* I.R.C. § 6531.

Because the material facts of this case are not in dispute, and we have concluded that any potential 1992 tax subsequently assessed by the IRS because of unreported income is not dischargeable under 11 U.S.C. § 523(a)(1)(B), Debtor's motion is not well-taken. Based on the foregoing, Plaintiff's Motion for Summary Judgment on Her Complaint to Determine Dischargeability of Tax Liability and Penalties for Years 1989, 1990 and 1992 as it relates to dischargeability of her 1992 tax liability is **DENIED**. The parties' settlement agreement as set forth in the Scheduling Order shall be observed and Debtor shall not be required to file a 1992 federal tax return nor pay any taxes for that period at this time.

*1993 Earned Credit Issue*

■ As noted, in 1994 the IRS offset Debtor's earned credit against Debtor's and her ex-husband's joint 1989 income tax liability. Debtor believes this act was illegal. The IRS argues rather convincingly that the Debtor must first file a claim with that agency before any federal court is permitted to review this issue. *See* I.R.C. § 7422(a). The IRS contends that this Court lacks jurisdiction to determine whether Debtor can have her 1993 earned income credit reimbursed. Debtor counters by stating that I.R.C. § 7422(a) applies only to disputes concerning tax refunds and not to disputes regarding earned income credits.

However, § 7422(a) of the Internal Revenue Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... *or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary.*

I.R.C. § 7422(a) (emphasis added).

Moreover, in a recent decision, the Sixth Circuit Court of Appeals, citing 26 U.S.C. § 7422(a), held that "a refund claim filed with the IRS is a jurisdictional prerequisite to a refund action in the federal district court." *Firsdon v. United States of America*, 95 F.3d 444, 446 (6th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 957, 136 L.Ed.2d 843 (1997) (affirming *Firsdon v. United States*, 1994 WL 773397 (N.D.Ohio 1994)).

Our circuit also has long adhered to the rule that:

> The federal courts exercise jurisdiction over suits for the refund of federal taxes pursuant to 28 U.S.C. § 1346(a)(1). This section, together with 26 U.S.C. § 7422(a), constitutes a waiver by the United States of its sovereign immunity with respect to refund suits by taxpayers to recover internal revenue taxes alleged to have been erroneously or illegally assessed. The Code section provides that no refund suits shall be maintained in federal court until a claim for refund has been filed with the I.R.S. The taxpayer has the burden of establishing the existence of federal court jurisdiction.

*Miller v. United States,* 784 F.2d 728, 729 (6th Cir.1986). *See also Martin v. Commissioner,* 753 F.2d 1358 (6th Cir.1985).

The plain language of § 7422(a) makes it abundantly clear that the Statute applies not only to tax refunds but also to "any sum alleged to have been ... in any manner wrongfully collected." I.R.C. § 7422(a). Finally, the U.S. Supreme Court has all but eliminated the distinction between an earned income credit and a tax refund. *See Sorenson v. Secretary of Treasury,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). In reaching this conclusion, the Supreme Court determined that "to the extent an excess earned income credit is 'payable' to an individual, it is payable as if it were a refund of tax paid." *Sorenson,* 475 U.S. at 863, 106 S.Ct. at 1608.

Thus, under both the plain language of the Statute and the holding in *Sorenson,* we believe that the provisions of I.R.C. § 7422(a) apply to earned income credits. Accordingly, we conclude Debtor's claim to receive a refund of the earned credit for the 1993 tax year must first have been filed with the IRS for this Court to now exercise subject matter jurisdiction over the propriety of the IRS' offset.[6]

The IRS had authority to offset Debtor's 1993 earned income credit by virtue of I.R.C. § 6402(a) which provides:

In the case of any overpayment,[7] the Secretary, within the applicable period of limi-

tations,[8] may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment.

The regulations pertaining to I.R.C. § 6402 also provide:

(a) Requirement that claim be filed. (1) Credits or refunds of overpayments may not be allowed or made after the expiration of the statutory period of limitation properly applicable unless, before the expiration of such period, a claim therefor has been filed by the taxpayer. Furthermore, under section 7422, a civil action for refund may not be instituted unless a claim has been filed within the properly applicable period of limitation.

. . .

(b) Grounds set forth in claim. (1) ... The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402–2 (1997).

In the case of a claim for credit or refund filed after June 30, 1976—

---

**6.** Consistent with I.R.C. § 7422(a), § 505 of the Bankruptcy Code permits the bankruptcy court to determine the amount or legality of any tax, except that the bankruptcy court may not determine:

(B) any right of the estate to a tax refund, before the earlier of—
(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or
(ii) a determination by such governmental unit of such request.

11 U.S.C. § 505(a)(2)(B). The Debtor argues that this Court has jurisdiction under 11 U.S.C. § 505. However, neither the trustee nor the Debtor has filed a refund claim with the government. As a result, neither of the events required by § 505(a)(2)(B) has occurred and the Court is not permitted to determine the rights of the estate to the refund. Further, we note that it is the bankruptcy estate rather than the Debtor person-

ally that would be entitled to receive any refund obtained under this section.

**7.** In *Sorenson,* the Supreme Court determined that the term "overpayment" as defined in I.R.C. § 6401 and used in I.R.C. § 6402 does apply to earned income credits. *Sorenson,* 475 U.S. 851, 106 S.Ct. 1600.

**8.** I.R.C. § 6511 provides the limitation period for filing a refund claim. The section provides:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

(1) In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return.

. . .

(5) A properly executed individual, ... original income tax return or an amended return ... shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return).

26 C.F.R. § 301.6402–3(a) (1997).

Nowhere in her pleadings does Debtor assert that she has satisfied the requirement of first filing a "claim for a refund or credit" with the IRS. Instead, Debtor relies solely on her assertion—without citing any legal support—that I.R.C. § 7422 does not apply to earned income credits. However, as previously indicated, that reliance was misplaced because earned income credits are treated on equal footing with tax refunds. *Sorenson*, 475 U.S. 851, 106 S.Ct. 1600.

■ Debtor attaches as Exhibit 10 to her Amended Complaint a copy of her 1993 federal tax return filed with the IRS. In it she claims a refund in the amount of $1,170 based on an earned income credit as computed on Schedule EIC. Regulation § 301.6402–3(a)(1), (5) provides that a taxpayer can satisfy the "claim" requirement under § 6402 by filing an original tax return with the IRS setting forth in a verified written statement facts which support that claim. In the final analysis, therefore, we must determine whether Debtor's 1993 tax return satisfies the "claim" requirement under the applicable provisions of the Tax Code and accompanying regulations and, thus, whether this Court has subject matter jurisdiction pursuant to I.R.C. § 7422(a) to entertain a civil action for a refund. For the reasons that follow, we find that it does not.

As noted, Debtor argues that she is not liable for the 1989 joint taxes because she did not make any income for that year and because her ex-husband is responsible for those taxes by virtue of a property settlement agreement entered between the parties in state court. However, the 1993 tax return Debtor apparently filed with the IRS merely applied for a refund on the basis of earned income credit. Nowhere in that return does Debtor allege facts, which would have put the Commissioner on notice that the 1989 joint tax liability was her ex-husband's responsibility under the terms of a separation agreement. Even had a copy of that separation agreement been produced in these proceedings, the Commissioner cannot be charged with having had knowledge of its contents since it apparently was never made a part of the administrative record.

Because Debtor's 1993 federal tax return does not state "facts sufficient to apprise the Commissioner of the exact basis" for the refund, it fails to meet the requirements of I.R.C. § 7422(a) or Regulation § 301–6402–2(b)(1). *See Beckwith Realty, Inc. v. United States*, 896 F.2d 860, 863 (4th Cir.1990)("[T]axpayer's full compliance with § 301.6402–3(a)(5) did not relieve it of also having to comply with the specificity requirement set forth in § 301.6402–2(b)(1).")[9]

Debtor asserts, however, that:

This Court has authority to make a substantial determination in Debtor's favor. This Court['s] jurisdiction flows from that of the district court. 28 U.S.C. § 157(a). The district court's jurisdiction over proceeding flows from § 1334(b) and what constitutes a "related to" proceeding (and

**9.** The Eleventh Circuit has held that the requirements of I.R.C. § 7422(a) were met and the bankruptcy court had jurisdiction when, prior to bankruptcy, Chapter 7 debtors had filed an original tax return with a letter instructing the IRS to apply an overpayment of debtor's current taxes to a prior tax year. The IRS failed to follow debtor's directions and applied the tax overpayment to a different tax year liability. Although eventually finding that debtors could not instruct the IRS on the application of their overpayment, the Eleventh Circuit held that it did have jurisdiction because debtors were not required to file a subsequent refund claim with the IRS. The Eleventh Circuit reasoned that the Ryans' prior letter should apprise the IRS of the basis for the current refund request. *See In re Ryan*, 64 F.3d 1516 (11th Cir.1995). *In re Ryan* is distinguishable from the case at bar because Debtor did not advise the IRS of her current argument at the time of filing her original tax return for 1993. Nor did she do so by an amended return prior to filing this adversary action.

resulting remedies) has been substantially extended by the U.S. Supreme Court.

We agree with the Debtor that this Court's jurisdiction flows from that of the district court. *See* 28 U.S.C. § 157(a) and the General Order of Reference entered in this District. However, the failure of the Debtor to file a claim with the IRS setting forth the specific fact that entitles her to a refund of the 1993 earned credit, leaves a district court without subject matter jurisdiction. It follows that if a district court cannot exercise jurisdiction over a particular matter, then neither can this Court. Thus, Debtor has failed to carry her burden of establishing that we have subject matter jurisdiction over the 1993 Earned Credit Issue. *See Miller v. United States,* 784 F.2d 728.

 Even if this Court could exercise jurisdiction in this situation, we find Debtor's argument wholly without merit. Section 6013 of the Internal Revenue Code provides that "[a] husband and wife may make a single return jointly of income taxes ... even though one of the spouses has neither gross income nor deductions." The Internal Revenue Code further provides that "if a joint return is made, the tax shall be computed on the aggregate income and the *liability with respect to the tax shall be joint and several.*" *See* I.R.C. § 6013(a), (d)(3) (1997) (emphasis added). "Moreover, it is clear that a taxpayer cannot avoid such liability through the simple medium of an agreement to which [the IRS] is not a party." *Pesch v. Commissioner,* 78 T.C. 100, 129, 1982 WL 11066 (1982); *Neeman v. Commissioner,* 13 T.C. 397, 399, 1949 WL 59 (1949), *aff'd. per curiam* 200 F.2d 560 (2d Cir.1952), *cert. denied* 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377 (1953).

At the time the IRS offset Debtor's 1993 earned income credit to apply it towards payment of the 1989 joint tax liability, both Debtor and her ex-husband were legally responsible for those taxes. The fact that Debtor earned no income in 1989 or that an agreement between Debtor and her ex-husband provided that Mr. Giacci was to pay those taxes did not relieve Debtor of her responsibility to the IRS. As Debtor is apparently already aware by her attempts in state court to have her ex-husband held in contempt for violating the separation agreement, her gripe is with Mr. Giacci, not the IRS.

This Court does not have jurisdiction over the 1993 Earned Credit Issue. The Debtor's motion for summary judgment is **DENIED** and the IRS' motion for summary judgment is **GRANTED**. Debtor's Complaint and Amended Complaint as they relate to the 1993 Earned Credit Issue are hereby dismissed, with prejudice.

**IT IS SO ORDERED.**