**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**

---

No. 97-6088 NE

---

In re:     Richard L. Kearns,
     *
                            *
                            *
     Debtor.                *
                            *
                            *

United States of America,        *                  APPEAL FROM THE UNITED
                            *     STATES BANKRUPTCY
     Appellant,         *                  COURT FOR THE
                            *     DISTRICT OF NEBRASKA
     v.                     *
                            *
Richard L. Kearns,                                    *
                            *
                            *
     Appellee.         *

---

Submitted: February 12, 1998
Filed: April 6, 1998

---

Before WILLIAM A. HILL, SCHERMER and SCOTT, Bankruptcy Judges.

---

SCOTT, Bankruptcy Judge

I

The United States of America appeals from an Order of the Bankruptcy Court entered on October 15, 1997, determining the debtor's post-petition tax liability for the 1990, 1991, 1992, 1993, and 1994 taxable years, and permitting an offset against

the proof of claim filed by the Internal Revenue Service for 1989 federal income taxes.  Because we determine that

the bankruptcy court was without subject matter jurisdiction to determine the federal income tax liability for the 1990 through 1994 taxable years, the opinion below will be vacated.

## II.

This Chapter 11 bankruptcy case was filed by the debtor on August 24, 1990, ten days after he made the last of several improper withdrawals from a trust account. On June 3, 1991, the United States, by the Internal Revenue Service, filed a proof of claim in the amount of $142,718 for federal income taxes for the 1989 taxable year. The taxes were based upon the additional $500,000 of income the debtor acquired through embezzlement during the 1989 taxable year. The debtor objected to the proof of claim on the basis that the funds were not income. An evidentiary hearing was held on the objection after which the bankruptcy court found, by opinion entered on November 10, 1994, that the debtor had embezzled the funds and that these funds constituted income to him under the Internal Revenue Code. The IRS proof of claim was allowed in its entirety. Near the conclusion of the opinion, the Court indicated that it would consider any appropriate motion for reconsideration, Fed. R. Bankr. Proc.3008, apparently based upon the implication, from evidence at the hearing, that the debtor may have made restitution in subsequent tax years. No years were specified and the opinion does not indicate what tax years the Court believed would be in issue.[1]

---

[1]Payments in the nature of restitution are deductible with respect to the tax years in which they are made. 26 U.S.C. § 165; see generally Stephens v. Comm'r, 905 F.2d 667 (2d Cir. 1990). Thus, if the debtor made a restitution payment in 1991, he was entitled to claim a deductions of the amounts paid on his 1040 return for the 1991 taxable year. Apparently, the debtor did not avail himself of this opportunity.

3

Almost two years later,[2] on August 5, 1996, the debtor filed his motion for reconsideration.  The motion does not reference any tax year other than 1989 and requests that the Court find that the debtor made restitution and that the debtor and his wife receive an offset equal to 25% of the embezzlement amount.  The United States filed a formal

---

[2]From the recitation in the motion for reconsideration, it appears that the delay was occasioned by settlement negotiations between the parties.

response objecting to the motion.  On February 12, 1996, the Court issued an order stating that it would reconsider the allowance of the claim and would set an evidentiary hearing.

In the course of this second stage of the tax litigation, the parties submitted a preliminary pretrial statement in which the United States specifically asserted that the bankruptcy court lacked subject matter jurisdiction over the 1990 through 1994 taxable years.[3]  The United States asserted that the only tax year over which the bankruptcy court had jurisdiction was 1989, the year for which a proof of claim was filed.  On March 10, 1997, the court removed the case from the hearing docket after the parties agreed to stipulate to the facts.  The stipulation was submitted on March 31, 1997.  The United States position that the bankruptcy court lacked subject matter jurisdiction over any year other than 1989 was again raised.[4]

### III.

Substantive tax issues arise in the bankruptcy court by several avenues.  Such issues most frequently arise when a debtor in bankruptcy, or the trustee, objects to a proof of claim filed by the Internal Revenue Service. Complaints to determine dischargeability, although more frequently raising lien issues, may also involve substantive tax issues. Inasmuch as the United States has waived sovereign immunity with respect to the tax years stated in the proof of claim, 11 U.S.C. § 106, there is no issue of subject matter jurisdiction

---

[3]Of course, lack of subject matter jurisdiction may be raised at any stage of the litigation, including before an appellate court.

[4] At this juncture, the United States untimely raised the defense that the statute of limitations had lapsed.  Inasmuch as the bankruptcy court lacked subject matter jurisdiction based upon the debtor's failure to file a claim for refund, we do not reach the issues relating to the statute of limitations defense.

in such cases where a proof of claim governing the disputed taxes is filed.  Occasionally, a non-debtor seeks determination of tax liability before the bankruptcy court.   However, there is little, if any basis for bankruptcy court jurisdiction over tax liabilities of a nondebtor.  In re Proactive Technologies, Inc., 215 B.R. 796 (Bankr. N.D. Okla. 1997); see 26 U.S.C. § 7421(a).  The situation is less clear, however, when the debtor seeks a determination of tax liability which

does not relate to the tax years which are asserted in the proof of claim or for which the estate has no interest.

The Internal Revenue Code provides that "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected...until a claim for refund or credit has been duly filed with the Secretary..." 26 U.S.C. § 7422(a). It is well settled that no court has subject matter jurisdiction over a tax dispute unless the taxpayer has filed a claim for refund with the Internal Revenue Service. United States v. Dalm, 494 U.S. 596, 609 n.6 (1990); Smith v. United States (In re Smith), 921 F.2d 136, 138-39 (8th Cir. 1990).

The Bankruptcy Code also addresses the ability of the bankruptcy court to make determinations of tax liability:

> (a)(1)Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
>
> (2) The court may not so determine –
> ***
>
> (B) any right of the estate to a tax refund, before the earlier of –
>
> (i) 120 days after the trustee properly requests such refund from the governmental unit from

which such re fund is claimed; or

     (ii) a determination by such governmental unit of such request.

11 U.S.C. § 505(a)(1), (2)(B). Although section 505(a) begins with broad language, permitting the bankruptcy court to determine tax liability, the grant of authority is

subsequently restricted by the provision of paragraph (2), which requires the trustee, an entity  which includes the debtor-in-possession, to file a claim for refund with the appropriate governmental unit.  Thus, under the Bankruptcy Code, the refund procedures outlined  in the Internal Revenue Code and regulations must be pursued as a condition to bankruptcy court jurisdiction over refund disputes.  Smith v. United States (In re Smith), 921 F.2d 136, 139 (8th Cir. 1990); Graham v. United States (In re Graham), 981 F.2d 1135,1138 (10th Cir. 1992)("the Grahams do not contend that they have filed the requisite administrative claim for a refund.  Absent such a filing, the bankruptcy court erred in awarding them a tax refund.  Simply put, no claim, no refund."); In re St. John's Nursing Home, Inc., 169 B.R. 795, 801 (D. Mass. 1994); Perkins v. United States (In re Perkins), 216 B.R. 220, 225, 227 (Bankr. S.D. Ohio Oct. 10, 1997); In re Penking Trust, 196 B.R. 389, 393 (Bankr. E.D. Tenn. 1996); Great Bay Power Corp. v. Town of Seabrook (In re EUA Power Corp.), 184 B.R. 631 (Bankr. D.N.H. 1995); Cumberland Farms, Inc. v. Town of Barnstable (In re Cumberland Farms, Inc.), 175 B.R. 138, 139-142 (Bankr. D. Mass. 1994); Millsaps v. United States (In re Millsaps), 133 B.R. 547, 552-553 (Bankr. M.D. Fla.), aff'd, 138 B.R. 87 (M.D. Fla. 1991); see King v. United States, 495 F. Supp. 334, 336 (D. Neb. 1980).  In this manner, the taxing authority[5] is given a reasonable opportunity to review any refund claim under its normal administrative procedures.

The debtor first asserts that the United States essentially conceded all issues by "stipulating to allow the deductions against the proof of claim in settlement."  First,

---

[5]The taxing authority, the Internal Revenue Service, is the entity which reviews a claim for refund and makes an administrative determination with regard to that claim.  In contrast, officers of the Department of Justice are the persons authorized to represent the United States in a court of law.  28 U.S.C. § 516.

9

since the issue is one of subject matter jurisdiction, any "concession" is of no relevance. No party may waive a lack of subject matter jurisdiction. <u>Williams v. Rogers</u>, 449 F.2d 513, 517 (8th Cir. 1971), <u>cert. denied</u>, 405 U.S. 926 (1972). Every court has an independent obligation to determine its jurisdiction, and, if subject matter jurisdiction does not exist, the matter must be dismissed. <u>See</u> <u>id.</u> Indeed, the matter may be dismissed at any stage of the proceeding or appellate review if no subject matter jurisdiction exists. <u>Id</u>.

Second, The United States did not stipulate to the jurisdiction of the bankruptcy court to determine the deductions, but merely stipulated to the calculations of the amount of the deductions and the taxable amount that the payments based upon proof that the payments were in the nature of restitution. Thus, the United States stipulated to many of the mechanical facts which were not in dispute, but did not, in any manner waive arguments concerning the necessity of filing a claim for refund or the court's subject matter jurisdiction.

The debtor next asserts that the bankruptcy court had jurisdiction to determine whether an offset was available. While it is true that a bankruptcy court has jurisdiction to make the appropriate decisions under section 553 of the Bankruptcy Code governing offset of debts, that provision does not permit a party to leapfrog over the initial issue of whether the court has jurisdiction to determine whether the party is entitled to a refund at all. The proposed use of the funds is not relevant to the determination of the entitlement to a refund. Whether an offset is appropriate under the Bankruptcy Code is a separate, secondary issue.

Section 505(a)(2)(B) provides that the bankruptcy court may not determine any right of the <u>estate</u> to a refund until the trustee requests a refund. The debtor concludes that since it is not the estate requesting a refund, the subparagraph does not apply such that the bankruptcy court has jurisdiction to determine the right to refund. The difficulties with this argument are legion. The debtor is essentially asserting that the bankruptcy court has unlimited jurisdiction to determine a tax dispute of, apparently, any person or entity, at any time, so long as the estate will not receive the funds. The absurdity of this argument is demonstrated by the simple fact that if the estate is not to receive the refund, the matter

does not belong in bankruptcy court. The general unsecured creditors, not the debtor, are the intended beneficiaries of section 505(a). <u>In re Penking Trust</u>, 196 B.R. 389, 394 (Bankr. E.D. Tenn. 1996). Indeed, bankruptcy courts, even if jurisdiction exists, will abstain if the estate has no interest in the funds. <u>See, e.g.</u>, <u>Williams v. United States</u> (<u>In re Williams</u>), 190 B.R. 225 (Bankr. W.D. Pa. 1995); <u>Starnes v. United States</u> (<u>In re Starnes</u>), 159 B.R. 748 (Bankr. W.D.N.C. 1993); <u>In re St. John's Nursing Home, Inc.</u>, 154 B.R. 117 (Bankr. D. Mass. 1993), <u>aff'd</u>, 169 B.R. 795 (D. Mass. 1994)(abstention in trustee's action for valuation of property-tax purposes warranted where plan had been confirmed, no other issues barred closing twelve-year old case, and only party to benefit from redetermination would be the

debtor); In re Hemaya, 153 B.R. 71 (Bankr. D. Kan. 1993); Millsaps v. United States (In re Millsaps), 133 B.R. 547, 554 (Bankr. M.D. Fla.), aff'd, 138 B.R. 87 (M.D. Fla. 1991)("[T]he debate in the House of Representatives leading to the passage of this section clearly shows that, when there is no need for a determination of the amount of the tax for estate administration purposes, Congress did not intend or foresee that the bankruptcy court would be the forum for this litigation."). Second, if the funds sought are not property of the estate, there is no right to an offset and the bankruptcy court would have no jurisdiction on that asserted basis. Third, if the property is not property of the estate, there is no jurisdiction over the property such that the Court should not make a determination of the right to refund. Fourth, the confirmed plan did not provide that any refund would be paid to creditors. Indeed, the plan did not contemplate that any refund was due; it addressed only the objection to the proof of claim and contemplated that the estate may have to pay all or part of that claim. It thus appears that only the individual debtor would receive the refund and there is no interest of the estate in the refund.

Finally, this argument raises the problematic issue of post-confirmation jurisdiction. The plan was confirmed on August 5, 1992, before the debtor objected to the proof of claim. The third amendment to the plan, filed on July 15, 1992, provided for full payment of the 1989 federal income taxes stated in the proof of claim. This provision was qualified, however, by the ability to object to the proof of claim and pay any lesser amount, as determined by the bankruptcy court. This retention of right to object to the plan had been stated in the Second Amendment to the Plan filed on May 1, 1992, the Amendment to Plan filed on April 8, 1992, and the Amended Liquidating Plan of Reorganization, filed on December 4, 1991. Each of these plans and amendments provided

13

for post-confirmation bankruptcy court jurisdiction "for a determination <u>of said claim</u> at a later date at Debtor's election." (Emphasis added.)  The plan also provided for retention of jurisdiction to allow claims and hear objections to claims "for the purpose of determining and resolving all matters incident to the Plan and to carry out the provisions of the plan and to determine any controversies thereunder."

Although the language in the plan is broad, this provision does not necessarily provide for post-confirmation subject matter jurisdiction or post-confirmation jurisdiction over

14

disputes relating to tax refunds for post-confirmation tax years.  See In re Maley, 152 B.R. 789, 791-92 (Bankr. W.D. N.Y. 1992).  In any event, the determination of the individual's right to a refund for the 1990-1994 taxable years has nothing to do with the administration of the confirmed plan.

The debtor also asserts that his motion for reconsideration filed with the bankruptcy court constitutes a claim for refund.  A motion for reconsideration is not a claim for refund.  Section 505 requires that the trustee properly request a refund from the governmental unit from which such refund is claimed.  There is no authority to suggest that the United States Bankruptcy Court is the governmental unit with which to file an administrative claim for refund.  Indeed, such a construction renders subparagraph (B) of section 505(a)(2) a nullity.  If a motion filed with the court can be construed as a proper claim for refund, there is no purpose in the requirement that a claim for refund be filed at all, or for that matter, with any other governmental unit.

The governmental unit charged with determining administrative tax matters is the Department of Treasury, Internal Revenue Service.  Cf. Bob Jones University v. United States, 461 U.S. 574, 596 (1983).  It is in the IRS regulations (26 C.F.R.) that the procedures for filing claims for tax refunds are found.  Thus, in order to comply with the requirements of section 505(a)(2), the debtor was required to submit a "proper"[6] claim for refund with the Internal Revenue

_____

[6] It is also questionable whether the motion for reconsideration contains sufficient information to apprise the governmental unit of the basis for the refund.  The motion for reconsideration does not even state what tax years are involved and for which the debtor seeks a refund.  Cf. Perkins v. United States (In re Perkins), 216 B.R. 220, 225 (Bankr. S.D. Ohio Oct. 10, 1997); Meisner v. United States, 78 A.F.T.R.2d 96-5278, 96-2 U.S.T.C. ¶ 50,369, 1996 WL 442717 (D. Neb. June 5, 1996)(same).

Service pursuant to the regulations governing claims for refund. <u>See generally</u> 26 C.F.R. §§ 301.6402-2, 301.6402-3. The debtor admits that he failed to file a claim for refund with the Internal Revenue Service. Accordingly, there is no subject matter jurisdiction over the disputed, post-bankruptcy tax years for which no claim was filed.

Finally, the debtor asserts that the filing of the proof of claim for the 1989 taxable year constituted a waiver of sovereign immunity under Bankruptcy Code section 106(b), (c). Section 106 provides in pertinent part:

> (b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.
>
> (c) Nothwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the state.

11 U.S.C. § 106(b), (c) (emphasis added).

Debtor's argument with regard to section 106(c) is in direct conflict with his argument construing section 505(a)(2)(B). For purposes of section 505(a), the debtor asserts that he, the individual who happens to be a debtor in bankruptcy, is seeking a tax refund. Because, he argues, the estate is not seeking the refund, the restrictions of section 505(a)(2)(B) do not apply to him such that he was not required to file a claim for refund. However, in order for section 106(c) to apply to waive sovereign immunity, the claim against the governmental unit must be property of the estate. The debtor cannot have it both ways.

The claim for a refund regarding post-petition (part post-confirmation) tax years, is not property of the estate. 11

17

U.S.C. § 541(a)(property of the estate consists of all interests in property "as of the commencement of the case."). Since the claim for a refund is not property of the estate, section 106(c) does not apply to waive sovereign immunity. Accordingly, subject matter jurisdiction cannot be found under section 106(c).

The debtor's argument under Section 106(b) is met with the same infirmity. In order for section 106(b) to apply to waive sovereign immunity, and thereby confer subject matter jurisdiction, the claim for the tax refund for the post-petition taxable years must (1) be property of the estate, _and_ (2) arise out of the same transaction or occurrence out of which the claim of such governmental unit arose, _i.e._, the prepetition 1989 tax year. As discussed above, the claim for refund belongs to the individual debtor, not the bankruptcy estate such that this section does not apply.[7] In this context, the error in debtor's reliance on _In re Dunhill Medical, Inc._, 77 A.F.T.R. 2d 96-1917, 96-1U.S.T.C. ¶ 50,276 (Bankr. D.N.J. 1996) and _Michaud v. United States_, 206 B.R. 1 (D.N.H. 1997) is demonstrated. In both of those cases, the bankruptcy courts found subject matter jurisdiction to offset claims with regard to particular prepetition tax years because

---

[7]If it is true, as debtor suggests, that the claim for refund arose out of the same transaction or occurrence as the proof of claim, the debtor's claim was a compulsory counterclaim to the proof of claim. Under Rule 13, Federal Rules of Civil Procedure, the debtor was required to raise these issues at the time of the original objection to the proof of claim. Rule 7013, however, limits the harm to a debtor-in-possession if the failure to plead the counterclaim is "through oversight, inadvertence, or excusable neglect, or when justice so requires, by permitting the debtor-in-possession to amend the pleading or commence a new adversary proceeding or separate action. Fed. R. Bankr. P. 7013.

In any event, whether the matters necessarily arise out of the same transaction or occurrence is also problematic. In determining the concept "same conduct, transaction or occurrence," the Eighth Circuit applies four different tests. See generally Blue Dane Simmental Corp. v. American Simmental Assoc., 952 F. Supp. 1399 (D. Neb. 1997). In only one of these tests can it be considered that the matters arise out of the same transaction or occurrence. In determining the debtor's right to a refund vis-a-vis the merits of the United States proof of claim, neither the issues of law nor fact are the same. The doctrine of res judicata would have no impact upon the debtor's claim for refund despite the determination of the liability for the 1989 tax year, and little, if any, of the evidence presented in the litigation regarding the 1989 tax year would aid in the proof regarding the 1990 through 1994 tax years. The only relationship between the facts and issues is that they are derived from the debtor's embezzlement of trust funds.

19

proofs of claim had been filed.  In each of those cases, both the tax years stated in the proof of claim and the years for which a refund was requested were identical.  Extending the holdings of <u>Dunhill</u> and <u>Michaud</u> beyond the particular tax years for which a proof of claim is filed conflicts with the holding of the

controlling authority in the Eighth Circuit, <u>Smith v. United States (In re Smith)</u>, 921 F.2d 136, 138-39 (8th Cir. 1990).[8]

IV.

Under the Bankruptcy Code, a debtor, debtor-in-possession and trustee are provided means by which to contest tax liability and dischargeability. The Bankruptcy Code, however, did not abrogate all provisions relating to administrative procedures under nonbankruptcy law. Indeed, Section 505(a), while it provides for a shortened procedure with regard to administrative determination of tax refunds, expressly maintains the jurisdictional requirement found in the Internal Revenue Code, 26 U.S.C. § 7422. In order to provide for bankruptcy court jurisdiction over his claim for a federal income tax refund, the debtor was required to, but did not, file a "proper" claim for refund with the Internal Revenue Service. The procedures outlined in section 505(a), governing determination of refunds from governmental agencies, does not expand a debtor's right to a refund beyond that granted to every other taxpayer. <u>See</u> <u>Millsaps v. United States (In re Millsaps)</u>, 133 B.R. 547, 555 (Bankr. M.D. Fla.), <u>aff'd</u>, 138 B.R. 87 (M.D. Fla. 1991)("Were this court to respond to the Millsaps' tardy call by exercising its jurisdiction, no bankruptcy interest would be furthered...Although it is true that an exercise of this jurisdiction would benefit the debtors and further the 'fresh start' policy of the Bankruptcy Code, that interest would only be served at the expense of the orderly enforcement of the internal revenue laws. Unless the Court abstains in these unusual circumstances, every taxpayer would know that he or she could ignore all of the tax protest and determination procedures and opportunities provided by the Internal Revenue Code and regulations, allow all time periods they provide to expire, watch the Service finally determine

---

[8]It is also questionable whether these cases are correctly decided. <u>Dunhill</u> and <u>Michaud</u> seem to inappropriately trump the precise language and clear meaning of the Bankruptcy Code with portions of legislative history. <u>Dunhill</u> also rests on case law which does not support its conclusions. <u>Michaud</u> relies on <u>Dunhill</u>.

a tax, and then years later come into this court and obtain the judicial determination the taxpayer chose not to seek before. The interest of justice cannot be furthered by that result."). Having failed to comply with the provision of section 505(a)(2)(B), the bankruptcy court was without subject matter jurisdiction to determine

whether the individual debtor was entitled to a refund, and, thereafter, whether the debtor was entitled to offset his 1989 federal income tax liability against any refund.   Accordingly, we vacate the order below, entered on October 15, 1997, and remand for the Bankruptcy Court to allow the United States proof of claim for internal revenue taxes, as filed, in accord with the Bankruptcy Court order entered November 10, 1994.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT